OPINION
{¶ 1} Appellant, Dennis W. Ferguson, appeals the judgment entered by the Portage County Court of Common Pleas. Ferguson was sentenced to a total prison term of six years for his convictions for gross sexual imposition.
 {¶ 2} The victims in this matter were nine and eleven years old at the time of the offenses. One of the victims was the granddaughter of Ferguson's friend from church. The grandmother allowed the victim to visit Ferguson on several occasions. The second victim was the daughter of Ferguson's son's girlfriend. Ferguson would baby-sit for the second victim.
 {¶ 3} Ferguson gave both of the victims baths, during which he would wash them with his bare hands on all parts of their bodies, including their private parts. He made one of the victims rub his "privates" with baby oil. These events occurred over an extended period of time.
 {¶ 4} As a result of these incidents, Ferguson was indicted on twenty-five counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. Five of these counts were for the first victim, and the remainder were for the second victim. Ferguson entered a guilty plea to two counts of gross sexual imposition, one in relation to each victim. The remainder of the counts were dismissed.
 {¶ 5} The trial court adjudicated Ferguson a sexual predator. Ferguson was sentenced to three-year prison terms for both of his gross sexual imposition convictions. These prison terms were ordered to be served consecutively.
 {¶ 6} Ferguson raises the following assignment of error:
 {¶ 7} "The trial court erred in imposing consecutive three year prison sentences upon the appellant."
 {¶ 8} Ferguson argues that the trial court failed to make appropriate findings to impose consecutive, three-year sentences. At the time of sentencing, the trial court was required to make certain findings before issuing consecutive sentences, including those set forth in R.C. 2929.14(E)(4). Similarly, the trial court was required, pursuant to R.C. 2929.14(B), to make findings in order to issue a sentence that was more than the statutory minimum. However, these judicial findings are inconsistent with the United States Supreme Court's opinion in Blakely v.Washington.[1]
 {¶ 9} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[2] In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[3]
 {¶ 10} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[4]
 {¶ 11} The trial court's cumulative sentence contains "more than the minimum" and consecutive sentences, which were arrived at via judicial factfinding. Thus, pursuant to State v. Foster,
the sentences are unconstitutional.[5]
 {¶ 12} The judgment of the trial court is vacated and reversed, and the matter is remanded for resentencing, pursuant to State v. Foster.[6]
Grendell, J., concurs in judgment only,
Rice, J., concurs with Concurring Opinion.
[1] Blakely v. Washington (2004), 542 U.S. 296. See, also,State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856.
[2] State v. Foster, at paragraph one of the syllabus, following Apprendi v. New Jersey (2000), 530 U.S. 466 andBlakely v. Washington, supra.
[3] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[4] State v. Foster, paragraphs two and four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[5] State v. Foster, paragraphs one and three of the syllabus.
[6] Id. at ¶ 104.